

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

August 25, 1975

The Honorable Bill McCoy
County Attorney, Ector County
Room 223, Courthouse
Odessa, Texas 79761

Opinion No. H- 675

Re: Whether a county with a public
hospital may contract with a private
hospital for care of charity patients.

Dear Mr. McCoy:

You have requested our opinion concerning the authority of the Ector
County Commissioners Court to contract with and make payments to a private
hospital for obstetrical care of charity patients when there is a county hospital
in the County.

Article 4438, V. T. C. S., provides in part:

> If there is a regular established public hospital in
> the county, the commissioners court shall provide
> for sending the indigent sick of the county to such
> hospital.

However, article 4491, V. T. C. S., provides:

> Any commissioners court of any county which
> has no city with a population of more than ten thousand
> persons, may contract for a period not exceeding one
> year, with any regularly incorporated society or hospi-
> tal or municipality within the county maintaining a hospi-
> tal, or with any other adjacent county, for the care of
> any or all of the sick, diseased or injured inhabitants of
> the county, upon such terms and conditions as they may
> by agreement think proper. Where a county has es-
> tablished such hospital, the board of managers may con-
> tract with any regularly incorporated society or hospital
> or city or town within the county maintaining a hospital,
> for the care of some of the sick, injured or diseased
> persons applying for admission to the county hospital.

In our view the scope of article 4491 is unclear, for the second sentence
contains no express limitation concerning counties containing a city of a population

of over 10,000 persons.   Prior to its 1925 revision and codification, the second sentence of article 4491 applied "[w]here  a county has established a hospital as required by Section 15 of this Act. . . ."  Acts 1913, 33rd Leg. , ch. 39 at 77. Section 15 of that Act applied to "each county which . . . has a city with a population of more than ten thousand persons. . . ." Acts 1913, at 77.   Thus the statute as originally enacted by the Legislature contained two independent authorizations, the first concerning counties without a city of a  population of more than 10,000 persons and the  second concerning counties containing such a city.  Since the second sentence of article 4491 contains no limitations concerning the size of cities within a particular county, in our opinion there is no restriction thereon. Thus the second sentence of article 4491 is not limited by the first; any county maintaining a county hospital may contract with  a private hospital  for the care of some of its  patients.  See Attorney General Opinions M-85 (1967),  C-334 (1964).

Article 4438 does not expressly prohibit such a contract.   Since it is not within the statutes pertaining to county hospitals and since its enactment was prior to that of article 4491, in our opinion it should not be construed to conflict with the authorization contained in article 4491.

While there is dicta in the case of  Willacy County v. Valley Baptist Hospital, 29 S.W. 2d 456 (Tex.  Civ.  App.  --San Antonio 1930, no writ), which could support another conclusion, article 4491 was not  considered and the county involved did not maintain a county hospital.  Accordingly, we believe article 4491 must control your question.  Of course article 4491 provides for a contract executed by the Board of Managers of a county hospital rather than by a commissioners court.

## SUMMARY

The Board of Managers of Ector County's county hospital may contract with and make payments to a private hospital for obstetrical care of charity patients.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jad: